IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MUNAWER SMITH, | |
| Plaintiff, | Civil Action File No.: |
| v. | |
| MCKESSON CORPORATION, | |
| Defendant. | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Munawer Smith ("Smith") files this Complaint against Defendant McKesson Corporation ("McKesson") for unpaid overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA"), as set forth below.

### JURISDICTION AND VENUE

1.

This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.

Venue is proper in this Court because the events giving rise to this action occurred in this district and division, and McKesson conducts business in this

district and division.

## Parties

3.

Smith resides in Atlanta, Fulton County, Georgia. He has worked for McKesson since approximately June 19, 2010, most recently as a Product Support Representative. In this role, Smith performs primarily technical support services for McKesson's clients.

4.

McKesson is a Delaware corporation with its headquarters in San Francisco, California and offices in Atlanta, Georgia. McKesson may be served with the summons and this complaint through its registered agent, C.T. Corporation, at 1201 Peachtree Street NE, Atlanta, Fulton County, Georgia 30361.

## Background

5.

McKesson is an employer within the meaning of FLSA § 203(d) and is not exempt under the Act.

6.

Smith is an employee engaged in interstate commerce and the production of

goods for commerce, expressly covered by the protections of the FLSA, 29 U.S.C. § 207(a).

7.

McKesson and its related and subsidiary companies constitute an enterprise engaged in interstate commerce or the production of goods for commerce, and have annual business dollar volume well in excess of $500,000.

8.

As referenced above, Smith's primary responsibility is to provide technical support for McKesson's medical information product line. In this role, Smith resolves customer database concerns through "tickets." Smith's regular shift duties require that he performs his technical support function at least 8 hours per day, Monday through Friday.

9.

In addition to his regular, 40 hour shift work, Smith also monitors McKesson's extended hour help-desk approximately twice per month (every other week). This work requires that Smith provide customer assistance during the hours of 6:00AM - 8:00AM and between 6:00PM and 10:00PM. In addition, during the week that he is assigned this after-hours work, he covers Saturday and Sunday

Case 1:16-cv-00514-TCB   Document 1   Filed 02/17/16   Page 4 of 8

10:00AM – 7:00PM.

10.

Finally, approximately every other month Smith is required to perform server maintenance for approximately 2 hours. This work sometimes overlaps with his after-hours work.

11.

McKesson does not compensate Smith for any of the time he devotes to the extra hours and maintenance hours described above in paragraphs 10-11.

12.

All of the hours Smith devotes to his work for McKesson described in paragraphs 10 and 11 are in addition to his regular 40 hour work week.

13.

On information and belief, Smith has consistently worked these extra hours for the last three (3) years, which amounts to a minimum of 24 hours per week. The exact number of hours is not known at this time.

14.

McKesson currently pays Smith $24.53 per hour. This is Smith's regular hourly rate of pay.

15.

McKesson has never paid Smith for any of the extra hours he regularly works.

**Claims Under the Fair Labor Standards Act**

16.

The above allegations in paragraphs 1 through 15 are incorporated by reference as if fully set forth herein in support of Smith's claim for relief for unpaid overtime wages.

17.

Section 207 of the FLSA, 29 U.S.C. § 207(a)(1), requires that McKesson pay Smith an overtime premium equal to one and one-half times his regular hourly rate for every hour of work he performs in excess of 40 hours in a given work week.

18.

McKesson knows that it is obligated to pay an overtime premium to non-exempt, hourly employees.

19.

Smith's overtime rate is $36.80 per hour.

20.

Despite knowing that it is obligated to pay Smith an overtime premium for the extra hours he works, as described in paragraphs 10 and 11, McKesson has not done so for at least the last three (3) years of Smith's employment.

21.

Smith's actual unpaid overtime may be more precisely determined during discovery.

22.

McKesson's actions in failing to pay Smith for overtime hours worked was and is intentional and in willful violation of the FLSA.

23.

Because McKesson's actions were intentional and willful, Smith is entitled to back pay for all overtime hours worked for a period of three years prior to the filing of this Complaint. See 29 U.S.C. § 255.

24.

In addition to his overtime pay, Smith is also entitled to liquidated damages in an amount equal to his unpaid overtime. See 29 U.S.C. § 216(b).

25.

Smith is entitled to reasonable attorneys' fees and costs of bringing this action. See 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff prays for the following relief:

1) A trial by jury on all issues so triable;

2) A finding that Defendant willfully violated the FLSA so that a 3-year limitation period applies to this case;

3) Actual damages in the amount of Plaintiff's unpaid overtime;

4) An award of liquidated damages in an amount equal to Plaintiff's unpaid overtime under the FLSA;

5) An award of pre- and post-judgement interest on Plaintiff's unpaid overtime at the maximum rates allowable by law, where applicable;

6) An award of all attorneys' fees and costs incurred in bringing this action; and

7) All other relief that this Court deems just and proper.

Respectfully submitted this 17th day of February, 2017.

[Signature on following page]

_____
Andrew Y. Coffman
Georgia Bar No. 173115
acoffman@pcwlawfirm.com
David A. Weisz
Georgia Bar No. 134527
dweisz@pcwlawfirm.com

PARKS, CHESIN & WALBERT, PC
75 14th Street, N.E., 26th Floor
Atlanta, Georgia 30309
Telephone: (404) 873-8000
Facsimile: (404) 873-8050